Fernando Cornelio-Castro v. Loretta Lynch Let counsel get ready. All right, Mr. Kahn. Thank you, Your Honor. May it please the Court. Fernando Cornelio-Castro is a citizen of Mexico who entered the United States in March of 2000 without inspection. He's a 41-year-old male who is the father of five children. Two of his children are U.S. citizens. He resides on the north side of Chicago. And he came into the interest of the Immigration Service as a result of a DUI arrest that he had in 2010. On July 20, 2010, an NTA was issued against him, and this resulted in proceedings before the Immigration Court, which on July 16, 2013, resulted in a cancellation of removal hearing before the immigration judge. The judge at the hearing basically listened to evidence and determined that there was not sufficient evidence of continuous physical presence in the United States in order to meet the elements of cancellation of removal. No discussion or consideration was given to the issues of hardship or of good moral character in connection with the case. Prior to the judge at the hearing on September the 12th, excuse me, on July 16th at the hearing, the judge made mention of the fact that in order to prove the entry date of the respondent, it would have been advisable for affidavits to have been presented by his brother, who is also in an illegal status, which would have corroborated the 10 years of continuous physical presence. Prior to the judge's ultimate decision on October the 25th, 2013, affidavits were supplemented to the record. In the judge's opinion, no acknowledgment whatsoever was made as to the subsequent affidavits which were submitted to the record, and that issue was brought before the Board of Immigration Appeals, which summarily affirmed the judgment of the trial court, basing its decision on the opinion and matter of Cohill, which I've cited to in my brief. No discussion, no evaluation whatsoever of the evidence was made. It was a summary denial, and from there, this petition for review was brought before this honorable court. I'm asking this court to consider the fact that there were substantive affidavits which were included in the trial record, which were not considered, and I'm asking that the matter be remanded. They were submitted after the hearing, correct? Yes, Your Honor, they were. So that's pretty unusual. I guess I'm having trouble understanding how it was unfair to decline to consider post-hearing evidence. I understand exactly where you're coming from, Your Honor. In this situation, those affidavits were not available because, unfortunately... How could they not be available? One of them is from the petitioner himself, right? One is from the petitioner, but the one from the petitioner has no substance in the absence of the affidavit of the brother. Unfortunately, in these types of proceedings, we're dealing with aliens who do not have lawful status in the United States, and unfortunately, they're not that forthcoming in their willingness to come before courts and testify and submit an affidavit. Sure, I get that. Nevertheless, he was willing to come forward when asked, apparently, and one of the problems that we encounter repeatedly in immigration cases is requests for continuances and delays and dragging things out forever, and why can't the immigration judge just say no is what happened here? You had your chance. There's nothing new about this evidence. It's 10 years old. Your Honor, I would call the Court's attention to a holding in the case of Siddiqi, which was decided by this Court, I believe it was in 2012, which basically requires reviewing courts to give a careful, considered, thoughtful analysis of all evidence that's in the record. Come on. Was that about post-hearing evidence? No, it wasn't, Your Honor. Of course not. I understand the dilemma. There's a difference, right? Yes, there is, Your Honor. It's saying, well, I took my first shot, and I'm not happy with the way things went, so I want to submit some new affidavits and have another hearing, right? On a certain level, yes. So how is that an abuse of discretion to say no? The trial court had the benefit of these affidavits over six weeks prior to the ultimate decision of the trial court. No mention was made of those affidavits. No consideration was made of the affidavits. And in particular, in the transcript of record, the judge said, well, if there had been an affidavit from the brother of the responder, we'd give more consideration to the issue of continuous presence. Well, ultimately, there was an affidavit. Ultimately, that affidavit was ignored prior to the opportunity to base a decision, and then the BIA summarily affirmed the decision of the trial court. I believe that justice demands, based on the consequences of deportation in this case, that the trial court at least consider the affidavit that was ultimately submitted to it. And that affidavit was essentially about six or seven lines. And did the immigration judge know the reason for the delay? Was that made part of the record when it was submitted afterwards, or were they submitted with no explanation? Well, it was submitted with notice to the government. No objection was made by the government. Perhaps a proper motion should have been brought before the court at the time to ask that the supplementary evidence be considered. But it wasn't, Your Honor. Yes, since it was late, giving a reason why it was not submitted on time might have had some bearing on the immigration judge. Was it at the hearing that the judge mentioned that it would have been handy to have something tenured to evidence that he arrived ten years earlier? And wasn't that what I thought I heard you just say, that caused the submission later on, based on what the judge said at the hearing? Is that correct? Yes, based on what the judge said up there. We had tried to get this affidavit before, but unfortunately there was reluctance on the part of the affiant. That's part of my question. Was it reluctance because maybe the person signing the affidavit hadn't quite got ten years in? No, that wasn't the reason. He didn't wait until he got ten years in to submit the affidavit. No, it was fear on the part of the affiant of being brought under proceedings, which caused him to be reluctant to cooperate. But now he has the tenure, I don't know what you want to call it, defense, I guess. That particular element, at least, to avoid being bifurcated on that issue. That is correct, Your Honor. So at the hearing then, did counsel say, the reason we don't have the affidavit is because of who the affidavit is from and his concerns about his own status? That issue was not, that discussion was not of the record. However, the judge did acknowledge, at least if there was an affidavit present she could make a finding. Well, no, no, I totally get that, but I'm saying there was no response when she made such a statement. Counsel didn't say after she finished that statement. No, we attempted to get a statement. The issue here was the brothers also in the country undocumented. That has been the reason, or we'll try to get one. Nothing was said at the hearing like that. Not that we will try to get an affidavit. That is correct, Your Honor. All right, you're into your rebuttal time. Do you want to save any time, Mr. Kahn? I would like to save whatever is left for rebuttal, Your Honor. All right, thank you. Mr. Anderson. Good morning, Your Honor. May it please the Court, Eric Anderson representing the Attorney General. Mr. Cornelia was advised by the immigration judge that he should produce documentary evidence to establish his 10 years' presence. He was specifically advised that all this documentation was due 15 days in advance of the hearing. However, on the date of his hearing, the only evidence to support his 10 years' presence was his own uncorroborated testimony. He was provided a full and fair opportunity to make his case, and all the process that was due him and the petition for review should be denied. Council tries to push this as a complete failure to address the evidence case. The problem with that analogy is that the affidavit, this so-called Exhibit K, isn't evidence. It was never admitted as such. It was never accompanied by a motion to accept an untimely pleading. It was just stamped in. I don't know if it was mailed or hand-delivered to the immigration court in advance of the immigration judge's decision. Council is correct that the immigration judge himself did not address this affidavit, which there had been no notice that it was coming, but we have the board's explanation. If there's any ignoring that's going on, it's ignoring of the board's explanation that the immigration judge could set a deadline. She did in this case, and there's no reason, no good cause or any kind of effort made to excuse it. And for that basis, we think the petition for review should be denied. Also, if the issue is viewed as the board's denial of a motion to remand based on previously unavailable evidence that would also be within the court's jurisdiction under 242A2D, but it fails for the same reason, that there has been no explanation given of why, until today, of why this was previously unavailable. The factual claims made by council were not made at the hearing, in a pleading to the immigration court, or in the brief to the board. Finally, I would just note that although we do think these two issues are within the court's jurisdiction under 1252A2D, we have preserved the attorney general's claim in this case that we don't think the court's limited to that. We recognize we're in an unusual, isolated position. Even if the court were to exercise a full plenary jurisdiction, as council calls it, substantial evidence supports the immigration judge's decision under the Real ID Act that uncorroborated testimony didn't show that he had the 10 years required. Unless there are any questions, I would rest on the brief. There are no questions? Thank you. Sorry, there was one thing I wanted to ask you about, Mr. Anderson. Page 34 of the appendix here, we're in the immigration judge's decision at the bottom, given the lack of evidence filed with the court and respondents' own admissions. Do you know what the judge was referring to about the admissions? I think that's a reference to the fact that he was questioned about why didn't you get any evidence from your brother, and he admitted, oh, I'm still in contact with him. He's still in Chicago. There were no claims that it was unavailable at the time. I believe that's what he was referring to. Okay, thank you. Thank you. One minute. In response, I'd just like to call the court's attention to the decision of the BIA. The issue of the evidentiary deficiencies was raised before the BIA, and then they cited a matter of Cujillo to summarily deny the evidence which was presented to the BIA, which was, in effect, part of the trial court's record. The decision in Cujillo involved an individual who was not eligible for relief due to a drug conviction. In our case, evidence became available, whether it's substantial or not, but I believe sufficient, to indicate that the respondent was qualified for an elemental requirement to establish cancellation of removal. So I believe that the BIA improperly used the Coelho case and that this is an appropriate case for remand for the board to remand the record to the trial court to more adequately consider the affidavit submitted by the respondent. Thank you. All right, thank you. Thank you to both counsel. We'll take the case under advice.